```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**CHARLIE TEELE**                                          **CIVIL ACTION**

**VERSUS**                                                 **NO. 10-1807**

**DAVIS PETROLEUM CORP., ROYAL**                           **SECTION: B(3)**
**PRODUCTION COMPANY, INC. (OF**
**DELAWARE), AND MACK OIL CO.**


## ORDER AND REASONS

Defendant Royal Production Company, Inc.'s ("Royal") Motion for Summary Judgment, (Rec. Doc. No. 22), opposed by Plaintiff (Rec. Doc. No. 28), is hereby **DENIED.**

While Plaintiff conceded that Royal is not liable for the negligence of its independent contractor, Plaintiff argues that Royal is nevertheless liable to Plaintiff for its negligence under Louisiana Civil Code Articles 2315 and 2317.1. Indeed, "while one who employs an independent contractor escapes liability for the negligence of such contractor, he is nevertheless answerable for his own negligence." *Ellis v. Chevron U.S.A., Inc.,* 650 F.2d 94, 97 (5th Cir. 1981).

The United States Fifth Circuit Court of Appeals has found that Article 2315 of the Louisiana Civil Code "imposes upon a property owner the duty, owed to all persons rightfully on his property, to discover a reasonably discoverable defect on his property and either to warn the invitee or correct them; breach of this duty is regarded as negligence." *Id.* Furthermore, while it

1

may be true that principals are not liable for the negligence of their independent contractors, "the owner of a facility has an independent duty to exercise reasonable care for the safety of those on the premises, *including* employees of independent contractors." *Terese v. 1500 Lorene LLC,* 2010 U.S. Dist. WL 4702369 (E.D. La. Nov. 12, 2010) citing *Dupre v. Chevron U.S.A. Inc.,* 20 F.3d 154, 157 (5th Cir. 1994). The material facts that pertain to Royal's liability for its own negligence in failing to warn of, or correct, an allegedly dangerous condition, are in dispute. Plaintiff specifically asserts in his deposition testimony that he was injured due to the lack of a bleed of valve on the downcomer pipe. (Rec. Doc. No 39-1 at 7). Whether or not a downcomer pipe without a bleed-off valve amounts to a dangerous condition is a genuine issue of material fact. As a reasonable juror could find that the lack of bleed-off valves in the downcomers was a reasonably discoverable defect on Royal's property which Royal negligently failed to warn Plaintiff of or correct, summary judgment based upon Royal's first contention that the downcomer was not unfit because there was no bleed off valve should be denied.

Additionally, article 2317.1 of the Louisiana Civil Code provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect

> which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

The United States Fifth Circuit Court of Appeals has stated that "an owner who transfers possession, but not ownership, of a thing to another party nonetheless retains custody of the thing for purposes of Article 2317." *Pickett v. RTS Helicopter,* 128 F.3d 925, 930 (5th Cir. 1997). Therefore, Royal may be held liable under 2317, regardless of the independent contractor's later alleged negligence.

In applying 2317.1 to the case at bar, it is clear that the material facts are in dispute. In Plaintiff's deposition, he asserts that there is no safe way to relieve the pressure within a downcomer pipe without a bleed-off valve; you just have to "hope to God it don't blow off." (Rec. Doc. No. 42-1 at 5). Whether the lack of a bleed-off valve or other safe means of depressurization amounts to a vice or defect; whether Royal should have known of the defect through the use of reasonable care; and whether the damage could have been prevented by the exercise of reasonable care which Royal failed to exercise are questions for a jury to decide. A reasonable juror could determine that the elements of 2317.1 are satisfied. Summary judgment based upon movant's contention that Royal is insulated from liability is not appropriate.

Finally, Royal argues that Plaintiff's knowledge of the

pressure in a different downcomer pipe from previously supervising a co-worker earlier in the day, coupled with Plaintiff's decision to perform the act of opening the cam lock to check for pressure after Plaintiff readily admitted that he knew it was not safe, amounts to operational negligence. (Rec. Doc. No. 39 at 4). The Louisiana Fifth Circuit Court of Appeals has held that the "defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." *Penton v. Schuster*, 98-1068 La. App. 5 Cir. 3/30/99, 732 So. 2d 597, 601 (La. Ct. App. 1999). Royal thus asserts that Plaintiff was not acting as a prudent person using ordinary care under the circumstances at the time he was injured.

However, Plaintiff has provided minimally sufficient evidence that a genuine issue of material fact exists regarding whether his actions amounted to the care expected of a reasonably prudent person under the circumstances. Plaintiff testified that even after Monte informed him that the only pressure contained within the pipe was not enough to cause injury, he nevertheless opened the ear of the camlock slowly to check the pressure before completing the assigned task of disassembling the pipe, at which point the injury occurred. (Rec. Doc. No. 39-1 at 12). Moreover, merely witnessing the pressure in a different downcomer pipe is insufficient to conclude at this time that Plaintiff did not

exercise the proper standard of care at the time of his injury, particularly in light of Monte's assurance regarding the amount of pressure in the specific pipe to which Plaintiff was assigned. While the evidence at a trial on the merits may support a conclusion that Plaintiff did not exercise the ordinary care called for by the circumstances, genuine issues of material fact exist regarding this issue, which are more appropriately reserved for the trier of fact.

    New Orleans, Louisiana, this 8th day of July, 2011.

                                          United States District Judge